JOHN GILPIN *v.* BENJAMIN MARLEY.

Whenever a promissory note signed on the back of it by an entire stranger on the face of it, is in the hands of the payee in the body of it, it is to be presumed that it was so signed by him at the time of the making of it, and that he is a joint maker, and not an indorser of it. And in a suit upon it by such payee against him as a joint maker of it, another joint maker will not be a competent witness for him.

A member of the bar in another State who had been counsel there of a party to a suit in this State, will not be a competent witness in the case.

ASSUMPSIT on a promissory note dated March 20th, 1869, for $600, at six months, made to the order of the plaintiff by Richard M. W. Marley, with the names of the defendant and another written by them across the back of it.

The note was admitted and read in evidence, when the counsel for the plaintiff rested his case.

*J. W. Rodney,* for the defendant, submitted a motion for a nonsuit because there had not been sufficient evidence produced to bring the plaintiff's case as it then stood, within the principle and precedent established in the case of *Massey v. Turner,* 2 *Houst.* 79. That case came before the Court of Errors and Appeals on a special verdict taken in the court below, and questions of law thereon reserved, and in which all the facts attending the

making and signing of the note by the maker and the defendant in the action, and particularly, that it was so made and signed for the immediate convenience and accommodation of the latter, and that he actually received all the money on it from the payee and holder of it when it was negotiated; and which facts and circumstances clearly showed that he was in fact substantially a joint maker of it from the beginning according to the understanding and agreement of all the parties to it. But nothing of that kind had been proved or appeared in the present case to indicate that the defendant in this action was a joint maker, or a principal in the note in question; and if he was not, then he was but an indorser, as the other parties to it evidently supposed and understood he was when it was made and delivered to the plaintiff, and if so, then due notice of its dishonor by the maker at maturity should have been served upon him to render him liable as an indorser of it.

*Spruance*, for the plaintiff. The evidence was sufficient *prima facie* to entitle the plaintiff to recover in the action in the absence of any further proof whatever in regard to the note, or the facts and circumstances attending the making or negotiation of it, because whenever such a note was in the hands of the payee in the body of it, it was to be presumed that such a signing on the back by an entire stranger on the face of it, was done at the time of the making and execution of it, and that presumption would prevail unless rebutted by sufficient proof to the contrary. Such were the decisions in such cases in the States whose rulings we have followed in the case of *Massey v. Turner* referred to on the other side. 2 *Pars. on Bills and Notes* 124. *Wright v. Moore*, 9 *Gray* 337. *Essex Co. v. Edmons*, 13 *Gray* 273. 6 *Gill* 181. 13 *Met.* 265. 30 *Maine* 310. 38 *Maine* 35. 25 *Conn.* 578. 17 *Ill.* 479. 3 *Scam.* 437.

*By the Court.* We concur in the principle announced in the authorities just cited, and must, therefore, overrule the motion for a nonsuit.

Richard M. W. Marley was then called as a witness for the defendant.

*Spruance,* objected to his competency as a witness for the defendant, because he was a joint maker with him of the note. *Slegg v. Phillips,* 31 *E. C. L. R.* 374. *Simmons v. Smith,* 21 *E. C. L. R.* 697. *Hall v. Cecil,* 19 *E. C. L. R.* 89. 2 *Pars. on Bills and Notes,* 465.

*Rodney.* The policy of the law favors the admission, not the exclusion of witnesses. But in the case of a negotiable instrument to render a joint maker incompetent as a witness for another maker of it in an action against him on the note, it must appear that the note was not only negotiable, but that it had been negotiated, which was not the case in this instance. *Smith's Ld. Cases,* 44, *Law Lib.* 44.

*By the Court.* In the case of *Massey v. Turner* in the court below Deakyne, the joint maker, was called and examined as a witness for the defendant without objection, but now the objection is made on that ground in this case, we must exclude the witness called as incompetent to testify for the defendant, because of his liability as a joint maker of the note to the defendant for contribution in the event of the plaintiff's recovering a judgment against him in this action, and which judgment would be evidence against him in an action by the defendant for contribution.

William J. Jones Esquire, was then called as a witness for the defendant and was sworn, but in reply to inquiries by the counsel for the plaintiff, stated that he was a member of the bar in Maryland, and had been the general counsel of the plaintiff in all his professional business since the death of his father; and that he had no knowledge or information in regard to the note in question, except such as had been communicated to him as his professional counsel, and which related solely to the consideration and negotiation of it.

*Spruance,* objected to his competency as a witness in the case for either party on that ground.

*The Court* excluded him, and the plaintiff had a verdict.